**UNITED STATES of America,**
**Appellee,**

v.

**Jose CASTENEDA and Jose Rolando**
**Contreras, Defendants–**
**Appellants.**

**Nos. 05–2922–cr(L), 05–3452–cr(CON).**

United States Court of Appeals,
Second Circuit.

June 21, 2006.

**16**

James Roth, Hurwitz Stampur & Roth, New York, NY, for Jose Casteneda.

Patrick J. Brackley, (Thomas Eddy, on the brief), New York, NY, for Jose Rolando Contreras.

Steven D. Feldman, Assistant United States Attorney (Harry Sandick, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Jose Casteneda stands convicted, based on his guilty plea, to one substantive and one conspiratorial count of heroin trafficking. See 21 U.S.C. §§ 812, 841, 846. He now appeals from that part of his judgment of conviction sentencing him to 135 months' incarceration. Casteneda asserts that this incarceratory term is unreasonable because the district court (1) miscalculated his Sentencing Guidelines range and, (2) unreasonably failed to depart from his Criminal History category.

Co-defendant Jose Rolando Contreras stands convicted, based on his guilty plea, to two substantive counts and one conspiratorial count of heroin trafficking. His counsel, however, moves pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to be relieved, representing that there are no non-frivolous issues for appeal. The government agrees and moves for summary affirmance of Contreras's conviction.

In addressing the parties' arguments, we assume familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Casteneda's Reasonableness Challenge*

As this court has recently made clear, we "review sentences, whether Guidelines sentences or non-Guidelines sentences, for reasonableness." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006); *see United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005). Reasonableness review has two components: procedural and substantive. *See United States v. Crosby*, 397 F.3d at 114–15; *accord United States v. Fernandez*, 443 F.3d at 26.

a. *Guidelines Calculation*

■ Casteneda submits that the district court miscalculated his Sentencing Guidelines range by awarding him two rather than three points' consideration for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. While "[a]n error in determining the applicable Guidelines range ... would be the type of procedural error that could render a sentence unreasonable," *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir.2005); *see United States v. Crosby*, 397 F.3d at 115, we identify no such error in this case.

Section 3E1.1(b)(2) plainly states that a third level of consideration for acceptance of responsibility is warranted only if a defendant "timely notif[ies the] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." Casteneda failed convincingly to show that he satisfied this notice requirement. *See United States v. Krcic*, 186 F.3d 178, 182 n. 6 (2d Cir.1999) (suggesting that defendant seeking reduction in base offense level bears burden of proof at sentencing). Although indicted on June 10, 2003, Casteneda did not plead guilty until January 5, 2005, three business days before the scheduled start of trial. By that time, the government had substantially prepared its case, as indicated by its filing of an *in limine* motion with respect to certain trial evidence.

Casteneda nevertheless argues that his plea was not as belated as those in *United States v. Hargrett*, 156 F.3d 447, 452 (2d Cir.1998), and *United States v. Patasnik*, 89 F.3d 63, 73 (2d Cir.1996). The fact that other defendants may be even less deserving of § 3E1.1(b)(2) consideration does not, however, demonstrate that Casteneda gave his plea notice within the time contemplated by the Guidelines. Because the record indicates that the district court's finding that Casteneda's plea notice was untimely was well within its discretion, *see United States v. Hargrett*, 156 F.3d at 452 (alluding to district court "discretion" in denying § 3E1.1(b)(2) reduction); *United States v. Patasnik*, 89 F.3d at 73 (same), we reject this part of Casteneda's sentencing challenge as without merit.

b. *Criminal History Departure*

Casteneda concedes that the calculation of a Criminal History category of IV was "technically" correct; nevertheless, he

submits that the district court's failure to grant him a horizontal departure to category III resulted in a sentence that was substantively unreasonable. *See* U.S.S.G. § 4A1.3; *United States v. Mishoe*, 241 F.3d 214, 219–20 (2d Cir.2001).

■ Generally, we will not review a district court's refusal to grant a Guidelines departure unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005). Casteneda points us to nothing in the record indicating that either concern is implicated in this case. Instead, he argues that *United States v. Mishoe*, 241 F.3d 214, somehow compelled the district court to grant him a horizontal departure. He misreads *Mishoe*. In that case, we held that a departure pursuant to § 4A1.3 "would be *permissible* if the sentencing judge determines, *in the exercise of [his] discretion*," that the defendant's criminal history category "overstates the seriousness of his criminal record." *United States v. Mishoe*, 241 F.3d at 215 (emphasis added). Nothing in *Mishoe* indicates that § 4A1.3 decisions warrant any different standard of review from other departure rulings. Much less does that decision support Casteneda's argument that the district court was compelled to grant him a Criminal History departure on the facts of this case.

■ Nor can we conclude that the court's denial of a departure resulted in a sentence greater than necessary to do justice. *See* 18 U.S.C. § 3553(a). "Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,'" we have made plain that "we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). This is not such a rare case. The 135–month sentence is only fifteen months higher than the ten-year minimum mandated by stat-

ute on Casteneda's conspiracy charge of conviction, without regard to the recidivism concern represented by his criminal history. *See* 21 U.S.C. § 841(b)(1)(A)(i). To the extent the sentence represents the low end of a Guidelines range calculated by reference to Criminal History category IV, the district court indicated that it selected the low sentence in consideration of the factors cited by Casteneda in support of a downward departure. At the same time, the court emphasized that, even if it had granted the Criminal History departure, it would not have imposed any lesser sentence.

Where the record thus confirms a district court's consideration of a fact or argument relevant to sentence, we will not substitute our judgment for that of the district court in deciding what weight to give the point in its identification of a sentence sufficient but no greater than necessary to do justice. *See United States v. Florez*, 447 F.3d 145, 157 (2d Cir.2006); *United States v. Fernandez*, 443 F.3d at 27. Accordingly, we also reject this part of Casteneda's sentencing challenge as without merit.

### 2. *Summary Affirmance of Contreras's Conviction*

Upon review of the record, we hereby grant Contreras's counsel's motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the government's motion for summary affirmance of Contreras's conviction.

### 3. *Conclusion*

The district court's judgments of conviction entered against Jose Casteneda and Jose Rolando Contreras are hereby AFFIRMED.